BICKERTON LEE DANG & SULLIVAN
A Limited Liability Law Partnership

| | |
|---|---|
| JAMES J. BICKERTON | 3085 |
| STEPHANIE L. MARN | 6508 |

745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Telephone: (808) 599-3811
Facsimile: (808) 533-2467
Email: bickerton@bsds.com;
marn@bsds.com;

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS K. HIGUCHI, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SUZANNE KEIKO HIGUCHI ALSO KNOWN AS SUZANNE K. HIGUCHI,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA DEPARTMENT OF DEFENSE; UNITED STATES OF AMERICA DEPARTMENT OF THE AIR FORCE; JOINT BASE PEARL HARBOR-HICKAM (JBPHH); SEABREEZE RESTAURANT; MORALE WELFARE AND RECREATION (MWR),<br><br>Defendants. | Civil No. CV11 00709 ACKBMK <br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Comes now Plaintiff THOMAS K. HIGUCHI, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SUZANNE KEIKO HIGUCHI, ALSO KNOWN AS SUZANNE K. HIGUCHI, (herein referred to as "PLAINTIFF"), by and through his attorneys, BICKERTON LEE DANG & SULLIVAN, for complaint against the Defendants above named, allege and aver as follows:

## INTRODUCTION

1. This is an action under the Federal Tort Claims Act, 28 U.S.C. §1346(b) that is based upon a negligent or wrongful act or omission by a United States government agency and/or employee in the course and scope of his or her employment at the Seabreeze Restaurant at Hickam Air Force Base, Hawaii, that caused injuries to Suzanne K. Higuchi on June 19, 2009.

## PARTIES

2. Plaintiff THOMAS K. HIGUCHI, as Personal Representative of the Estate of SUZANNE KEIKO HIGUCHI also known as SUZANNE K. HIGUCHI, is a resident of the City and County of Honolulu, State of Hawaii.

3. Defendant UNITED STATES OF AMERICA DEPARTMENT OF DEFENSE owns and operates the Seabreeze Restaurant at Hickam Air Force Base, in the State of Hawaii.

4. Defendant UNITED STATES OF AMERICA DEPARTMENT OF THE AIR FORCE is an agency of the United States Government that owns and/or operates the Seabreeze Restaurant at Hickam Air Force Base in the State of Hawaii.

5. Defendant JOINT BASE PEARL HARBOR-HICKAM (JBHHH) is an agency of the United States Government that owns and/or operates the Seabreeze Restaurant at Hickam Air Force Base in the State of Hawaii.

6. Defendant MORALE WELFARE AND RECREATION (MWR) is an agency of the United States Government that owns and/or operates the Seabreeze Restaurant at Hickam Air Force Base in the State of Hawaii.

7. Defendant SEABREEZE RESTAURANT HICKAM AIR FORCE BASE is an agency of the federal government that operates the Seabreeze Restaurant at Hickam Air Force Base in the State of Hawaii.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. Sections 1331 and 1346(b).

9. The United States District Court for the District of Hawaii is the proper venue for this action because the claim for relief arises in the City and County of Honolulu, in the State of Hawaii.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Defendants UNITED STATES OF AMERICA DEPARTMENT OF DEFENSE, UNITED STATES OF AMERICA, DEPARTMENT OF THE AIR FORCE, JOINT BASE PEARL HARBOR-HICKAM (JBPHH), SEABREEZE RESTAURANT; and MORALE WELFARE AND RECREATION (MWR) are referred herein collectively as "Defendants."

11. The administrative claim was presented on or about February 14, 2010. The claim of Suzanne K. Higuchi, AF Claim Number Hickam AFB 10-13, was denied by letter dated May 24, 2011 from Robert K. Coit, Acting Chief, General Torts Branch, of the Air Force Legal Operations Agency.

## FACTUAL ALLEGATIONS

12. On June 19, 2009, Ms. Higuchi was an individual with a disability under the Americans with Disabilities Act and used a wheelchair.

13. On June 19, 2009, Ms. Higuchi attended a function at the Seabreeze Restaurant, located on Hickam Air Force Base.

14. Defendants were responsible for the maintenance, repair, and safe condition of the premises of the Seabreeze Restaurant located on Hickam Air

Force Base, Hawaii, which was open to the public, including compliance with the Americans with Disabilities Act and regulations pertaining to public use facilities being accessible to individuals with disabilities.

15. Defendants were responsible for complying with the Americans with Disabilities Act which requires public use facilities to provide individuals with disabilities, including those who use wheelchairs, a means to enter and exit the facility.

16. On June 19, 2009, Defendant had in place at the Seabreeze Restaurant a thick floor mat at the bottom of a ramp that was used by individuals using wheelchairs for ingress and egress to and from the Seabreeze Restaurant.

17. Ms. Higuchi used the ramp while in her wheelchair, and was thrown from her wheelchair when the wheels of her wheelchair came into contact with the edge of the mat. Ms. Higuchi fell on the premises and was severely injured.

18. The mat presented a significantly raised obstruction that would impede a wheelchair, constituted an unreasonable risk of harm to Seabreeze Restaurant's invitees and was the legal cause of Ms. Higuchi's injuries.

19. Defendants had actual or constructive notice of the unreasonable risk of harm. Defendants did not warn the Seabreeze Restaurant's invitees of the unreasonable risk of harm that existed in the immediate area where the incident occurred, and did not take reasonable steps to remedy or protect against the

unreasonable risk of harm.

20. The above injury was caused, in whole or in part, by the intentional, willful, wanton, reckless, grossly negligent or negligent acts of Defendants.

21. As a result of the aforesaid incident, Ms. Higuchi suffered serious personal injuries; endured pain, suffering and emotional distress; sustained wage loss; and incurred medical and/or rehabilitative expenses; loss of enjoyment of life, and an increased risk of developing complications and risk of death.

22. By virtue of the foregoing, Plaintiff is entitled to an award of general and special damages against Defendants in amounts to be proved at trial.

23. Ms. Higuchi's aforesaid injuries and damages were directly and proximately caused by the negligence of Defendants in failing to exercise due care in properly warning and/or safeguarding invitees of the Seabreeze Restaurant with respect to the unreasonable risk of harm on its premises and/or its failure to comply with the Americans with Disabilities Act and regulations regarding accessibility of public use facilities.

24. Each of the above-described intentional, willful, wanton, oppressive, malicious, reckless, grossly negligent, or negligent acts, independently, or in concert with one or others of said acts described above, was a cause and substantial contributing factor resulting in Ms. Higuchi's injuries, expenses, losses and damages.

25. Under the doctrine of *respondeat superior*, Defendants are vicariously liable for the negligence of its employees who placed the mat and/or permitted the mat to be left on the premises which constituted a violation of the Americans with Disabilities Act and an unreasonably dangerous condition, but which caused Ms. Higuchi to be seriously injured on June 19, 2009.

17. By reason of the foregoing facts, Defendants are are liable to Plaintiff for the injuries and harms described above and for general and special compensatory damages in compensation of same in an amount to be proved at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Thomas K. Higuchi, as Personal Representative of the Estate of Suzanne Keiko Higuchi also known as Suzanne K. Higuchi, prays for judgment against Defendants , jointly and severally, UNITED STATES OF AMERICA DEPARTMENT OF DEFENSE; UNITED STATES OF AMERICA DEPARTMENT OF THE AIR FORCE; JOINT BASE PEARL HARBOR-HICKAM (JBPHH); SEABREEZE RESTAURANT; MORALE WELFARE AND RECREATION (MWR) as follows:

A. Special and general damages for medical, other care, and loss of earnings caused by the above-described acts of Defendants;

B. General compensatory damages for pain and suffering, emotional distress, disability and other damages caused by the above-described acts of

Defendants;

C.   Plaintiff also requests award of his attorney's fees and reasonable costs incurred in this action to the extent permitted by law;

D.   Plaintiff requests pre- and post-judgment interest to the extent permitted by law;

E.   Plaintiff requests such further relief as this Court may deem just and proper.

DATED: Honolulu, Hawai'i, November 23, 2011

*/s/ Stephanie J. Marn*
JAMES J. BICKERTON
STEPHANIE L. MARN
Attorneys for Plaintiff